# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **-v-**                                                        **Case No. 05-C-1174**
                                                                    **(95-CR-208)**

**RONALD A. DELYONS,**

          **Movant.**

## DECISION AND ORDER

Ronald DeLyons crafts his motion that is before the Court as one appealing his sentence, pursuant to 18 U.S.C. § 3742. Section 3742 allows a defendant to appeal an unreasonable application of the sentencing guidelines. That provision is inapposite here. DeLyons is not seeking to file an appeal, but rather is asking the Court to reduce his sentence on the basis that he is innocent of his 1975 conviction, a conviction that contributed to an increased criminal history when calculating his current sentence. Because DeLyons is challenging his sentence, his motion is construed as one pursuant to 28 U.S.C. § 2255. *See Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his federal conviction or sentence . . . must proceed under 28 U.S.C. § 2255.").

As this Court has already held, DeLyons's attempt to challenge his 1975 conviction is untimely. *See Ronald Delyons v. United States*, No. 98-C-1038 (Dec. 16, 1998). DeLyons had to file his motion challenging his 1975 conviction by April 24, 1997, which was one year after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). He failed to file his challenge within the one year statute of limitations, thus, once again, the Court must dismiss his claim.

At the end of his motion, DeLyons passingly refered to the sentencing guidelines as "now being recognized as being advisory." The Court construes this statement as a claim based on the Supreme Court's recent holding in *United States v. Booker*, 125 S.Ct. 738 (2005), in which the Supreme Court held that a defendant has a right to a jury trial on any disputed factual subject that increases his maximum punishment. However, the ruling in *Booker* was issued well after DeLyons's conviction, and the Seventh Circuit has held that *Booker* is not applicable retroactively. *See McReynolds v. United States*, 397 F.3d 479, 480 (7th Cir. 2005). Accordingly, DeLyons's claim based on the holding in *Booker* must be dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Ronald A. DeLyons's "Motion Review of Sentence Pursuant to 18 U.S.C. 3742(a)(1)," (Docket # 37), which is construed as a motion pursuant to 28 U.S.C. § 2255, is **DISMISSED.**

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of November, 2005.

                            SO ORDERED,

                            **s/ Rudolph T. Randa**
                            **HON. RUDOLPH T. RANDA**
                            Chief Judge